## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FIDELINASANTANA,**<br>3906 Cole Blvd. SE<br>Washington, D.C. 20032<br><br>**ANTONIO AGUILAR MARTINEZ**<br>4120 14th St. NW, # 48<br>Washington, D.C. 20011<br><br>        **Plaintiffs,**<br><br>      **v.**<br><br>**LEILA FOOD, INC. d/b/a FLAMERS**<br>**GRILL**<br>1300 Pennsylvania Ave.<br>Washington, D.C. 20004<br><br>**ABDUL N. ALDERAZI**<br>**a/k/a/ JAMAL ALDERAZI**<br>4302 Midfield Way<br>Fairfax, VA 22033<br><br>        **Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Fidelina Santana and Antonio Aguilar Martinez, through their attorneys, bring this Complaint against Leila Food, Inc. d/b/a Flamers Grill (Leila Food, Inc.) and Abdul N. Alderazi, a/k/a Jamal Alderazi, for unpaid wages, and hereby allege as follows:

### NATURE OF THE ACTION

1. This lawsuit arises out of Defendants' failure to pay Plaintiffs all earned overtime wages and failure to compensate Plaintiffs for all time worked, in violation of the Fair Labor

1

Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the D.C. Minimum Wage Law, D.C. Code Ann. § 32-1001 *et seq.* ("DCMWL"), and the D.C. Payment and Collection of Wages Law, D.C. Code Ann. § 32-1301 *et seq.,* ("DCPCWL").

2.  Defendant Leila Food, Inc. operates as a restaurant, Flamers Grill, located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

3.  Defendant Abdul N. Alderazi is an owner and operator of Leila Food, Inc., d/b/a Flamers Grill, and is a resident of Virginia.

4.  Defendants issued paychecks to Plaintiffs for work performed at one or more worksites in Washington, D.C.

5.  Defendants paid Plaintiffs their regularly hourly wage for hours worked in excess of forty (40) hours, in violation of the requirement that Defendants pay employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek.

### JURISDICTION AND VENUE

6.  This Court has subject-matter jurisdiction over Count I of this complaint pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because this action arises under the laws of the United States.

7.  This Court has supplemental jurisdiction over Count II, which arises under the laws of the District of Columbia, pursuant to 28 U.S.C. §1367(a), because the claims in Count II arise from a common set of operative facts with Count I. The claims in Count II are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

8. This Court has supplemental jurisdiction over Count III, which arises under the laws of the District of Columbia, pursuant to 28 U.S.C. §1367(a), because the claims in Count III arise from a common set of operative facts with Count I. The claims in Count III are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

9. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(b) because a substantial part of Defendants' actions and omissions giving rise to the claims in this Complaint occurred in the District of Columbia.

10. Defendants frequently do business in the District of Columbia and are subject to personal jurisdiction in the District of Columbia.

## PLAINTIFFS

11. Plaintiff Fidelina Santana is an adult resident of the District of Columbia.

12. Ms. Santana worked for Defendants as a food preparer, performing work at Defendants' Washington, D.C. fast-food restaurant, Leila Food, Inc., d/b/a Flamers Grill, located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

13. Ms. Santana worked at Leila Food, Inc. d/b/a Flamers Grill, from on or about May 2002 to on or about July 2015.

14. Ms. Santana was Defendants' "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e), and as that term is interpreted pursuant to D.C. Code Ann. § 32-1002(2) and D.C. Code Ann. § 32-1301(2).

15. Defendants were Ms. Santana's "employer" as that term is defined and/or interpreted by the FLSA, 29 U.S.C. § 203(d).

16. Defendants were Ms. Santana's "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3) and D.C. Code Ann. § 32-1301(1).

17. Plaintiff Antonio Aguilar Martinez is an adult resident of the District of Columbia.

18. Mr. Martinez worked for Defendants as a food preparer, performing work at Defendants' Washington, D.C. fast-food restaurant, Leila Food, Inc., d/b/a Flamers Grill, located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

19. Mr. Martinez worked at Leila Food, Inc. d/b/a Flamers Grill, from on or about April 2012 to December 2014.

20. Mr. Martinez was Defendants' "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e), and as that term is interpreted pursuant to D.C. Code Ann. § 32-1002(2) and D.C. Code Ann. § 32-1301(2).

21. Defendants were Martinez's "employer" as that term is defined and/or interpreted by the FLSA, 29 U.S.C. § 203(d).

22. Defendants were Mr. Martinez's "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3) and D.C. Code Ann. § 32-1301(1).

## DEFENDANTS

23. Defendant Leila Food, Inc. is a Virginia corporation and a D.C. foreign corporation, which does business in this judicial district.

24. Defendant Leila Food, Inc. operates as a fast-food restaurant, located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

25. At all times relevant, Leila Food, Inc. had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

4

26. Defendant Leila Food, Inc. is an "employer" as that term is defined and/or interpreted by Section 203(d) of the FLSA.

27. Defendant Leila Food, Inc. is an "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3) and D.C. Code Ann. § 32-1301(1).

28. Defendant Abdul N. Alderazi is a Virginia resident who owns and/or operates Leila Food, Inc. d/b/a Flamers Grill, located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

29. At all times relevant, Abdul N. Alderazi had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

30. Defendant Abdul N. Alderazi is an "employer" as that term is defined and/or interpreted by Section 203(d) of the FLSA.

31. Defendant Abdul N. Alderazi is an "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3) and D.C. Code Ann. § 32-1301(1) .

## STATEMENT OF FACTS

32. Defendants operate a fast-food restaurant located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

33. In approximately 2013, the Department of Labor conducted an investigation to determine if Defendants were in compliance with the FLSA.

34. Defendants told Ms. Santana to tell the investigators that she only worked thirty-six hours per week.

35. Defendants threatened to reduce Ms. Santana's hours if she told the investigators otherwise.

36. On August 15, 2013, Defendants required Ms. Santana to sign a "General Release" in which she agreed to waive any and all claims arising under "Title VII of the Civil Rights Act of 1964 . . . or any other federal, state or local civil rights or employment law and/or contract or tort law" in exchange for a payment of $2,700. The agreement also states that the employee agrees that she has been paid all amounts owed under the FLSA and that none of the employees' rights under the FLSA have been violated.

37. Ms. Santana did not knowingly and voluntarily sign the "General Release."

38. The "General Release" is legally void.

39. Defendants exercised the power to assign Plaintiffs tasks and to direct the means of carrying out those tasks.

40. Defendants monitored and evaluated Plaintiffs' job performance.

41. Defendants exercised the power to control Plaintiffs' work schedules and employment status.

42. Plaintiffs' personal payroll records and paystubs reflect that during many workweeks Plaintiffs worked in excess of forty (40) hours per week.

43. Defendants knowingly required Plaintiffs to work in excess of forty (40) hours in some workweeks.

44. Defendants paid Plaintiffs by check.

45. At times Defendants paid Plaintiffs with two separate checks, one issued by Leila Foods, Inc., and the other issued by Derazi Brothers International Corp.

46. In or around 2012, during her employment with Defendants, at times Fidelina Santana worked up to approximately seventy hours a week; she usually worked twelve hours a day, six days a week.

47. From on or about April 2012 to December 2014, during his employment with Defendants, Antonio Aguilar Martinez worked over forty hours per week and sometimes as much as approximately fifty-five hours a week.

48. The exact number of hours Plaintiffs worked for Defendants can only be determined through discovery.

49. Defendants paid Plaintiffs every two weeks (bi-weekly).

50. Defendants paid Plaintiffs by check.

51. When Plaintiffs worked over 80 hours during a two-week pay period, Defendants paid them with two checks. *See* exhibit 1 attached hereto.

52. Defendants split Plaintiffs' time for the same period onto two checks so that it would appear that Defendants did not owe Plaintiffs overtime.

53. These checks demonstrate that Defendants did not pay Plaintiffs time and one-half for overtime hours.

54. At all times relevant, Plaintiffs were "non-exempt" employees for the purposes of coverage under the FLSA and DCMWL.

55. Defendants failed to pay Plaintiffs overtime wages for the work they performed for Defendants in excess of 40 hours in any one workweek in violation of the requirement to pay time and one-half Plaintiffs' regular rate of pay pursuant to the FLSA, 29 U.S.C. § 207(a) and the DCMWL, D.C. Code Ann. § 32-1003(c), and the DCPWL, D.C. Code Ann. § 32-1301 *et seq.*

56. At times relevant to this action, Defendants failed to comply with the posting requirements of 29 C.F.R. § 516.4 and of D.C. Code §32-1009.

57. Defendants were and are aware that the FLSA, the DCMWL, and the DCPCWL require Defendants to pay all employees overtime wages at one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) hours each workweek.

58. Defendants were and are aware that the FLSA, the DCMWL and the DCPCWL require Defendants to pay all employees the statutory minimum wage for all hours worked.

59. The FLSA requires Defendants to maintain detailed records including, among other things, the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek. 29 C.F.R. §516, *et seq*.

60. The DCMWL requires Defendants to maintain detailed records including, among other things, the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek.  D.C. Code Ann. § 32-1008.

61. The wages Defendants withheld from Plaintiffs were not withheld as a result of a bona fide dispute.

## COUNT I: VIOLATION OF THE
## FAIR LABOR STANDARDS ACT

62. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63. Plaintiffs worked for Defendants and performed "non-exempt" duties under the FLSA.

64. During their employment with Defendants, Plaintiffs regularly worked more than forty hours a week.

65. Plaintiffs were not exempt from being paid the federal minimum wage, or overtime wages at a rate of one-and-one-half times the federal minimum wage for hours worked over forty (40) in a workweek.

66. In violation of the FLSA, Defendants did not pay Plaintiffs statutorily mandated minimum wage and overtime wages for their work as food preparers for Defendants.

67. The wages Defendants withheld from Plaintiffs were not withheld as the result of a bona fide dispute.

## COUNT II: VIOLATION OF THE DISTRICT
## OF COLUMBIA MINIMUM WAGE LAW

68. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

69. Plaintiffs were not exempt from being paid the District of Columbia minimum wage, or overtime wages at a rate of one-and-one-half times the federal minimum wage for hours worked over forty (40) in a workweek.

70. In violation of the DCMWL, Defendants did not pay Plaintiffs the statutorily mandated minimum wage and overtime wages for their work as food preparers for Defendants.

71. The wages Defendants withheld from Plaintiffs were not withheld as the result of a bona fide dispute.

## COUNT III: VIOLATION OF THE DISTRICT OF COLUMBIA
## PAYMENT AND COLLECTION OF WAGES LAW

72. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

73. Plaintiffs are "employees" within the meaning of the DCWPCL, D.C. CODE § 32-1301(2).

74. Defendants are "employers" within the meaning of the DCWPCL, D.C. CODE §32-1301(1).

75. The DCWPCL requires that employers pay their employees all wages earned at least twice during each month. D.C. CODE § 32-1302.

76. Defendants violated the DCWPCL by failing to pay Plaintiffs their entire minimum and overtime wages, as required by D.C. Code § 32-1302.

77. Defendant's violations of the DCWPCL were willful.

78. Defendant is liable to Plaintiffs under the DCWPCL for their unpaid minimum and overtime wages, plus three times that amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court. *See* D.C. CODE §§ 32-1302, 32-1303(4), and 32-1308.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Fidelina Santana and Antonio Aguilar Martinez demand judgment against the Defendants, jointly and severally, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of their damages, and the costs of this action, and further requests that the Court enter judgment and:

A. Award Plaintiffs overtime wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. §§ 207 and 216;

B. Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided for by 29 U.S.C. § 216(b);

C. Award Plaintiffs their unpaid minimum wages and overtime, liquidated damages equal to treble the amount of unpaid wages, as well as court costs, and reasonable attorney's fees and expenses pursuant to D.C. Code Ann. § 32-1012.

10

D.  Award Plaintiffs their unpaid minimum wages and overtime, liquidated

damages equal to treble the amount of unpaid wages, as well as court costs,

and reasonable attorney's fees and expenses pursuant to D.C. Code Ann. §§

32-1302, 32-1303(4), and 32-1308.

E.  Award such other and further relief as the Court deems just and proper.


Respectfully submitted,


_Daniel A Katz_
Daniel A. Katz, Bar No. 447412
The Law Offices of
Gary M. Gilbert & Associates
1100 Wayne Ave., Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
dkatz@ggilbertlaw.com